# State of Vermont v. Earl C. Newell, Petitioner

[ 236 A.2d 656 ]

October Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 5, 1967

*Patrick J. Leahy,* State's Attorney, and *Alan W. Cheever,* Assistant Attorney General, for the State.

*McKee & Clewley* for the petitioner.

**Holden, C.J.**   On July 19, 1961, the petitioner was convicted in the Chittenden Municipal Court after pleading guilty to two separate offenses of assault with intent to commit rape. The offenses concerned different victims. Before sentence was passed, the court adjudged the petitioner a psychopathic personality, dangerous to be at large in the community. The petitioner was ordered committed for detention and treatment as a sexual psychopath, as provided in 18 V.S.A. §§2811-2816.

The commissioner of institutions, acting in his capacity as commissioner of mental health, designated the state prison as the place of commitment. On direction of the court, the petitioner was returned for further hearings in May 1962, September 1962 and April 1963.

At the last hearing the court found that the petitioner was no longer a psychopathic personality. Following presentence investigation, the

court imposed equal and concurrent sentences for each offense, to be served at the state prison for not less than six nor more than ten years. The date of sentencing was April 26, 1963.

The petitioner instituted the present proceedings under 13 V.S.A. §§7131-7137 to obtain post-conviction relief from that sentence. The reviewing court found the facts that have been related and denied the petition. This appeal is from that order.

The penalty imposed by the municipal court is within the limits prescribed by statute for the offense of assault with intent to commit rape. 13 V.S.A. §603. The petitioner's attack is directed only at the minimum terms. He contends that this aspect of his sentence did not allow credit for the time of his detention as a psychopathic personality. Although the record establishes that the municipal judge considered the respondent's prior commitment at the time of sentence, the prisoner claims, as a matter of right, that the minimal term of his sentence should be reduced by the twenty-month period when he was committed to the state prison as a psychopathic personality.

Our enactment, dealing with sexual psychopaths, recognizes that the sex offender, whose behavior has been compulsive, repetitive and disposed toward violence, requires special attention. The need is twofold;—to protect the community at large and to advance the interest of the offender. The statutory design is to afford psychiatric care and treatment during the period that the offender's derangement constitutes a threat to the public. The place and length of confinement, necessary to accomplish these objectives, cannot be predetermined. The very nature of the problem dictates that decision in these matters be entrusted to sound administrative and judicial discretion, aided by experts in the field of mental health.

■ The validity of these provisions is well established. *State of Minnesota ex rel. Pearson* v. *Probate Court,* 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744, 750. Undoubtedly, the means and methods to accomplish the legislative purpose could be improved. However that may be, the objective is not to punish and the detention is not penal. *In re Moulton,* 96 N.H. 370, 77 A.2d 26; see annotation 26 A.L.R.2d 352. Under the provision of our statute, punishment is withheld until the offender's mental condition no longer constitutes a threat to the public. 18 V.S.A. §§2811, 2815.

■ His right to release from custody is not accelerated by the fact that the treatment has been administered within the confines of a

penal institution. Since the petitioner was first confined as a psychopathic personality, the statute prevented the establishment of a minimum term from the date of his original commitment. This result cannot be avoided even though the confinement reaches the maximum period prescribed by law for his offense. *State* v. *Newton,* 17 N.J. 271, 111 A.2d 272, 274.

*The petitioner has established no legal cause to vacate or correct the sentence upon which he is presently held. The order denying the petition is affirmed.*