## State of Vermont v. James L. Labor

[270 A.2d 154]

No. 118-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 6, 1970

*James M. Jeffords,* Attorney General, and *George P. Stokes,* Assistant Attorney General, for the State.

*Duncan Frey Kilmartin,* Newport, for Defendant.

**Barney, J.** The respondent, while on parole from state's prison under a sentence for statutory rape, assaulted a girl under the age of sixteen. He had been previously convicted of similar offenses. On his plea of guilty on this occasion, two consequences followed. First, his parole was revoked and he

was returned to Windsor to serve the balance of his sentence. Second, the District Court undertook to order him committed to the state hospital for an examination to determine whether or not he was a "psychopathic personality" within the provisions of 18 V.S.A. §§ 8501–06. He had, as a result of an earlier conviction, been previously examined, confined, then later discharged, under the authority of this section of the law. His present prison term runs until 1973, but the diagnostic effort is at a standstill, pending our determination of certain questions certified here.

These questions lend themselves to abbreviated treatment through disposition of their premises.

Three of them depend upon the procedural adequacies of the psychopathic personality and defective delinquent law, whether commitment under it is "civil" or "criminal", and the other one is entirely concerned with the effective operational date of the amended statute, as applied to this case.

■ The order of commitment to the Waterbury state hospital came about on July 1, 1969. This was the effective date for certain statutory procedural changes in the laws relating to psychopathic personalities and defective delinquents. See No. 20 of the Public Acts of 1969. This act declares it to be the legislative intention that the enlarged rights given under its provisions shall be available to all, including those committed under the old statutes. Therefore, proceedings involving this respondent should be governed by the current version of the "psychopathic personality and defective delinquent law", and we so hold.

The respondent's challenge extends to the new law. It is his position that the statutory designation of psychopathic personality, under 18 V.S.A. § 8501 et seq., is equivalent to the charging of a new and separate crime, and that, in any case, the procedures provided fall short of constitutional due process. The respondent would have us declare the statute unconstitutional on its face.

■ It is our law that the provisions of our psychopathic personality statute are not punitive and therefore not criminal. The provision of psychiatric care is the design and intent of this law. *State* v. *Newell*, 126 Vt. 525, 526, 236 A.2d 656. The holding of this case rests upon the authority of *Minnesota* v.

*Probate Court,* 309 U.S. 270, 84 L.Ed. 744, 750. In a unanimous opinion in *Specht* v. *Patterson,* 386 U.S. 605, 610, 18 L.Ed.2d 326, 330, the United States Supreme Court reaffirmed its approval of that case. In *Specht* the Supreme Court held invalid the introduction of psychiatric evidence without prior notice or opportunity for adversary proceedings, where such evidence operated to substantially alter the penalty imposed, beyond the limits of those assigned to the criminal charge that brought the accused before the court. The *Minnesota* case passed muster because it satisfied the due process requirements that the accused "be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed." *Specht* v. *Patterson, supra,* 386 U.S. 605, 610, 18 L.Ed.2d 326, 330.

■ Any such commitment, even though not a criminal proceeding, under the provisions of 18 V.S.A. § 8505, can only be had after "due hearing" and upon the making of findings. It is the position of the respondent that the failure to spell out, in the statute, all of the details of procedure that are necessary ingredients of due process make it invalid. On the contrary, we view the call for a "due hearing" as a requirement of a proceeding meeting due process standards, as called for by current constitutional law defined by the stated determinations of this Court and the United States Supreme Court. *Brookline* v. *Newfane,* 126 Vt. 179, 183, 224 A.2d 908. It would be a short-coming in such a statute if it expressly provided that some essential constitutional protection could be by-passed or ignored. But see *In re Lee,* 126 Vt. 156, 158–9, 224 A.2d 917. But it does not do so as we read it, and it is entirely appropriate that the procedures to be followed, necessary to insure compliance with "due process" standards, be left to the courts. *State* v. *Cameron,* 126 Vt. 244, 246, 227 A.2d 276.

In this case the matter has not reached hearing. By the order of examination the respondent is on notice that the issues of his status as a possible psychopathic personality, and subsequent allocation for treatment, have been raised and will be adjudicated. The inquiry, under 18 V.S.A. § 8501, is con-

cerned with his ability to control behavior potentially injurious to others, as a matter of his mental competency, and not a determination of guilt or innocence of anything comparable to a criminal charge. If subsequent proceedings fail to meet the substantive tests of due process, the question can, at his instance, be promptly passed upon. *Swart* v. *South Burlington*, 122 Vt. 177, 184, 167 A.2d 514, 81 A.L.R.2d 1300. But we will not presume error. *Vt. Woolen Co.* v. *Wackerman*, 122 Vt. 219, 224, 167 A.2d 533.

The respondent assumes to find weakness in the statute in that the institution of proceedings can come about as a consequence of a felony conviction or conviction of three misdemeanors. This is the "triggering" mechanism that he claims the United States Supreme Court found objectionable in *Specht* v. *Patterson, supra*, 386 U.S. 605, 610, 18 L.Ed.2d 326, 338. We view the footnote involved as suggesting that the use of the conviction alone, to justify examination and confinement in lieu of the otherwise applicable sentence, is improper. But the whole tenor of the opinion is to the effect that this impropriety is removed by the application of all necessary elements of due process. In the absence of a showing of a deprivation of such rights, either through statutory denial or by shortcomings in the conduct of a particular proceeding, we will not presume a constitutional invalidity.

*The first question, suggesting the application of the current version of 18 V.S.A. §§ 8501–8506 to the situation of this respondent, is answered in the affirmative; the remaining three questions, inquiring as to the violation of constitutional standards by these sections, are answered in the negative, and the cause is remanded.*