Charles H. **BALDWIN**, Petitioner-Appellee,

v.

Robert G. **SMITH**, as Warden of the Vermont State Prison, Windsor, Vermont, Respondent-Appellant.

No. 703, Docket 35445.

United States Court of Appeals, Second Circuit.

Argued March 18, 1971.

Decided June 15, 1971.

Jon C. Stahl, Asst. Atty. Gen., of Vermont, Montpelier, Vt. (James M. Jeffords, Atty. Gen., of Vermont, Montpelier, Vt., on the brief), for repondent-appellant.

John A. Dooley, III, Burlington, Vermont (Vermont Legal Aid, Inc., and Richard C. Blum, Burlington, Vt., of counsel), for petitioner-appellee.

Before MOORE and SMITH, Circuit Judges, and TIMBERS,* District Judge.

MOORE, Circuit Judge:

At the time of the commencement of this action, the petitioner Charles H. Baldwin was an inmate in the Vermont

---

* Chief Judge, District of Connecticut, sitting by designation.

State Prison.[1] Baldwin sought declaratory relief under 42 U.S.C. § 1983, asking that the Court declare 28 V.S.A. § 252 (Supp. 1969) unconstitutional and that it declare the plaintiff to be entitled to a reduction of sentence. 28 V.S.A. § 252 reads as follows:

"If he [a person confined in a state correctional facility] is employed for a period of more than one month without compensation and performs his work in a meritorious manner, he shall have a deduction of an additional five days from his sentence for each month so employed; also, at the time of parole or discharge at the discretion of the warden or superintendent of the correctional facility and if the warden or superintendent finds the person is in financial need, he shall be given up to the sum of $5.00 for each month he so worked * * * but the payment shall not exceed $200.00. * * * *"

The petitioner chose to receive compensation[2] rather than qualify for "work-time" credit which would have reduced his sentence. The compensation received was spent by petitioner on such items as candy, magazines, postage and a correspondence law course. In prison petitioner was accorded the necessities of life at the expense of the people of Vermont and no amounts earned by him were spent to defray those costs. The Warden testified that although postage was not generally paid for by the prison, the prison would see to it that all mail had postage in cases where a prisoner, because of indigence, could not pay for same out of his own funds. Furthermore, petitioner was accorded adequate free legal counsel as evidenced by the excellent presentation of petitioner's counsel in this case, as well as access to the prison library which includes assorted legal materials.

Petitioner argues that he is entitled to "reasonable economic freedom" and that his wages of ten cents an hour were so small as to be attractive, as against the alternative provided in § 252, only to an indigent person. It is conceded that petitioner like his co-workers did in fact have the choice between "work-time" and compensation.

■■ The District Court was of the opinion that laws relating to internal prison administration or at least this law which may have the effect of reducing sentence, must be subject to scrutiny under the "compelling state interest" test under the equal protection clause, rather than the more traditional equal protection standard which holds a classification valid "if it is reasonably related to some permissible legislative or administrative purpose." However, in the area of state prisons, "the federal courts should refuse to interfere with internal state prison administration except in the most extreme cases involving a shocking deprivation of fundamental rights." U.S. ex rel. Eugene Rodriguez v. McGinnis, (2d Cir., 1969 Term, March 16, 1971 Slip Op. page 4745). States should be given broad discretion to determine which of a variety of possible rehabilitative and disciplinary techniques will be most effective with a given prisoner in a given situation.

■■ Vermont could choose to offer as an inducement to inmates who "work in a meritorious manner," if any inducement were to be offered, only the possibility of "work-time." Although clearly constitutional, this approach would mean that indigent inmates would not be able to purchase certain extras such as those which the petitioner in this case purchased by funds earned in prison. Vermont has by statute and administrative act aided inmates working in the prison by allowing them to choose between monetary compensation and "work-time"

---

1. We assume, without deciding, that this case is not moot notwithstanding that petitioner has now been released from prison.

2. Apparently the plan for hourly compensation was adopted at an administrative level. See testimony of Warden, tr. 5.

credit.[3] Furthermore, in an attempt to recognize the problems of departing inmates who are indigent, the statute authorizes the Warden to make a payment to indigent departing inmates notwithstanding that they choose "work-time" in lieu of compensation. Thus, there is no classification here other than that which provides extra benefits for indigent inmates, since all inmates who work in the prison are afforded the same choice and necessities are provided for.

Of course, if indigent prisoners were forced to accept longer terms in order to continue to maintain a minimum standard of prison living or in order to "work off" a fine which they did not have the means to pay, the situation might be different, see Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), but here the essentials were provided and the inmates had the right to choose between receiving compensation or work-time for work rendered in the prison. As to petitioner's claimed "right to reasonable economic freedom," he was afforded all the specific privileges which States are required to grant indigents. Thus, for example, he was afforded free access to the courts, see e.g., Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and no requirement was imposed on him by requiring the payment of money in order to secure some fundamental right. See e.g., Harper v. Virginia State Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966) [poll tax].

In addition to alleviating the financial hardships of indigent inmates, this law is reasonable and justifiable under any standard of review because it clearly serves the ends both of rehabilitation of prisoners and of motivating prisoners to perform work "in a meritorious manner." As all courts and judges know, people respond to various motives. For some, one inducement may be effective, for others, another. Here the one who determines which inducement to accept is not the judge nor the Warden but rather the inmate himself. Furthermore, the choice between time off from work and more money is a choice that the average person in society is often forced to make. The choice between time off from prison and more material goods afforded to prisoners presents the prisoner with a no different dilemma. While some might argue, as a matter of policy, that Vermont should offer all working inmates both compensation and work-time credit, so that all inmates will be able to have candy and the like, that is a question for the legislature of the State of Vermont and certainly does not rise to constitutional dimensions.

Accordingly, the order granting declaratory relief is reversed.

**J. JOSEPH SMITH, Circuit Judge (concurring):**

I concur in the reversal of the judgment below. The action was properly before the court under section 1983, see Sostre v. McGinnis, 442 F.2d 178, 182 (2d Cir. 1971 en banc). However, the choice offered by Vermont to Baldwin was not constitutionally impermissible, whatever one may think of its desirability.

**TIMBERS, District Judge (concurring):**

I concur in the opinion of Judge Moore, but I believe reversal of the judgment of the District Court is warranted on the following additional ground.

To me, this is a classic example of abuse of Section 1983 jurisdiction: a constitutional challenge asserted against

3. Since the statute does not seem to mandate payments to inmates for work performed in the prison, the statute itself would not be unconstitutional even if our conclusion that the constitution does not forbid Vermont from offering its inmates a choice between work-time and cash compensation was assumed to be incorrect since Vermont officials could still constitutionally follow the statute by refusing to offer cash compensation for such work.

a Vermont statute which, for aught that appears, has never been construed by the Vermont state courts; it involves the administration of a Vermont state prison; it is brought by a former Vermont state prisoner; and the prisoner's able Vermont lawyer candidly admitted at the time of argument that he turned to the federal court rather than to the Vermont state courts simply because he preferred the former to the latter, there being not even an entry fee impediment in the Vermont state courts.

It seems to me that this is precisely the sort of case in which the federal courts should stay their hands until the state courts have spoken. See Wisconsin v. Constantineau, 400 U.S. 433, 439–43 (1971) (dissenting opinion by Burger, Ch. J.); Fornaris v. Ridge Tool Co., 400 U.S. 41, 43–44 (1970); Reetz v. Bozanich, 397 U.S. 82, 86–87 (1970); Harmon v. Forssenius, 380 U.S. 528, 534 (1965); City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 640–41 (1959); Railroad Commission v. Pullman Co., 312 U.S. 496, 501 (1941).