### Edward Trivento v. Robert G. Smith, Warden

[278 A.2d 722]

No. 41-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 1, 1971

*Frederick J. Glover*, Ludlow, for Plaintiff.

*Frank G. Mahady*, State's Attorney, and *Paul F. Hudson*, Deputy State's Attorney, for Defendant.

**Smith, J.** This is an appeal from a denial of the plaintiff's Petition for the Writ of *Habeas Corpus* by the Windsor County Court. The plaintiff is presently confined in the State Prison in Windsor as a result of a plea of guilty to manslaughter on May 24, 1967, in the Chittenden County Court. The plaintiff brought his petition, *pro se,* and was not represented by counsel until his appeal to this Court. The thrust of the petition is that the plaintiff's present commitment under the statute for the commitment of sexual psychopaths is illegal as being in violation of the "Due Process" clause of the 14th Amendment to the Constitution of the United States, as well as to Chapter 1, Article 10, of the Constitution of the State of Vermont.

The petitioner neglected to annex a copy of the process under which he claimed to be unlawfully detained.

"When the imprisonment or restraint is by virtue of a warrant or other process, a copy thereof shall be annexed to the complaint, or it shall appear that copy thereof has been demanded and refused, or that for sufficient reason a demand of such copy could not be made." 12 V.S.A. § 3954.

The Windsor County Court denied the petition for noncompliance with this provision of the statute. This disposition foreclosed any answer by the defendant to the question of law and fact which the petitioner seeks to present in his application.

Persons who have been committed under the provisions of 18 V.S.A. §§ 2811–16 are in custody within the contemplation of 13 V.S.A. §§ 7131–37. Therefore a petition under those sections may have to precede any application for *habeas corpus,* as provided in 13 V.S.A. § 7136. The prisoner's address to the lower court is not thereby defective, but may, under 13 V.S.A. § 7132, be treated as such a petition for review. See *In re Bashaw,* 129 Vt. 393, 278 A.2d 752. This procedure does not require that a copy of the order of confinement be filed with such petition for review. Counsel, if assigned under 13 V.S.A. § 7137, can assist the prisoner in any amendments necessary to the petition to make it technically sound and more clearly delineate the issues raised. It does

require that the petition be addressed to the county court of the county where the sentence was imposed. 13 V.S.A. § 7131. To this end the petition may be transferred by order of the Windsor County Court to the Chittenden County Court for filing and such further action as is appropriate under 13 V.S.A. § 7133.

*Order reversed and cause remanded for action in accordance with the directions in the opinion.*