### In re Edward L. Trivento

[312 A.2d 910]

No. 127-72

Present: **Barney, Smith, Keyser and Daley, JJ., and Gibson, Supr. J.**

Opinion Filed December 4, 1973

David L. Cleary, Esq., Barre, for Plaintiff.

Patrick J. Leahy, State's Attorney, and Paul D. Jarvis, Deputy State's Attorney, for the State.

**Daley, J.** On May 12, 1967, the appellant, Edward L. Trivento, entered a plea of guilty in the Chittenden County Court to the charge of manslaughter, a violation of 13 V.S.A. § 2304. The court then ordered the appellant committed to the Vermont State Hospital at Waterbury, Vermont, for the purpose of examination to determine whether he was a psychopathic personality defined at that time as:

> [T]hose persons who by a habitual course of misconduct in sexual matters have evidenced an utter lack of power to control their sexual impulses, and who, as a result, are likely to attack or otherwise inflict injury, loss, pain or other evil on the object of their uncontrollable desire. 18 V.S.A. § 2816, as amended 18 V.S.A. § 8501(a).

On May 24, 1967, a hearing was held in the county court, and as a result of that hearing, the appellant was found to

be a psychopathic personality and dangerous to be at large in the community. The court then ordered the appellant to be committed to such penal or mental institution as designated by the Commissioner of Mental Health until further order of the court. See 18 V.S.A. § 2814, *as amended* 18 V.S.A. § 8505. The appellant was then committed to the Vermont State Prison at Windsor, Vermont.

On March 10, 1970, the appellant petitioned the Windsor County Court for a writ of *habeas corpus*. That court dismissed the appellant's petition, but on appeal, this Court reversed that dismissal and remanded the cause to the Chittenden County Court for consideration as a petition for review pursuant to 13 V.S.A. § 7131 *et seq. Trivento* v. *Smith*, 129 Vt. 346, 278 A.2d 722 (1971).

On August 18, 1971, the Chittenden County Court appointed Attorney David L. Cleary, Esq., to represent the appellant. Attorney Cleary filed a Motion to Vacate Sentence for the appellant. On February 15, 1972, the court ordered the appellant again committed to the Vermont State Hospital for psychiatric evaluation.

On March 31, 1972, a hearing was held in the county court on the question of whether the appellant was still a psychopathic personality. The court received testimony from two psychiatrists for the State and a psychiatrist for the appellant. The court concluded from the evidence presented that the appellant was not a psychopathic personality as defined in 18 V.S.A. § 8501(a) and ordered him discharged from confinement. However, the court also ordered the appellant returned for sentencing on his 1967 conviction of manslaughter upon completion of a presentence investigation.

It is from this order of the Chittenden County Court that the appellant appeals to this Court. The appellant raises six issues which all relate back to his confinement as a psychopathic personality.

At the outset, we must first examine the jurisdiction of the county court in these proceedings. In review of sentence petitions under 13 V.S.A. §§ 7131 *et seq.*, the county court has been granted the power by the legislature to order the release, retrial, or resentencing of the petitioner, whichever

relief is appropriate. 13 V.S.A. § 7133; *In re Bashaw*, 129 Vt. 393, 395, 278 A.2d 752 (1971).

In this case, the county court reviewing the appellant's confinement as a psychopathic personality was also the same court which originally issued the order resulting in that confinement. Under chapter 199 of Title 18 of the Vermont Statutes Annotated, a person confined as a psychopathic personality may be discharged only if the court issuing the original order "finds that the person's condition no longer justifies the continuation of his commitment." 18 V.S.A. § 8506(b). The hearing to make such determination may be applied for by the state's attorney, the convicted person, his attorney, an interested party on his behalf, or the court issuing the original order on its own motion. 18 V.S.A. § 8506(b).

The county court held such hearing, concluded that the appellant was not a psychopathic personality, and ordered him discharged from confinement as a psychopathic personality. Therefore, the order of which the appellant complains has in fact granted him the relief which he sought, i.e. vacation of the order that originally resulted in his confinement as a psychopathic personality.

■ ■ In this case, the discharge of the appellant from confinement as a psychopathic personality did not result in a total release from custody. Under 18 V.S.A. § 8506(b), a person so discharged and awaiting sentence for a criminal offense shall be returned to the court having jurisdiction to impose sentence for the purpose of imposing sentence. The appellant had not yet had sentence imposed on his 1967 conviction of manslaughter. The county court which ordered his discharge from confinement was also the court which had jurisdiction to impose sentence on that conviction. It so ordered the appellant to be returned for sentencing and imposed a sentence that he be incarcerated for a period of not less than nine years and six months nor more than nine years and eleven months.

The appellant argues that he should have been entitled to immediate release because he received no treatment or rehabilitation services while in confinement as a psychopathic personality. However, the county court has discharged him from the confinement as a psychopathic personality of which

614

he complains. Furthermore, the appellant has not challenged his sentence imposed upon his manslaughter conviction. The appellant takes nothing by this claim of error.

■ The appellant also argues that because of such confinement without treatment, he was no different from a prisoner in confinement under sentence for a criminal offense. Therefore, he maintains that continued custody without computation of the time served under such confinement for purposes of good behavior credit (28 V.S.A. § 811) and without possibility of parole (28 V.S.A. § 501) constitutes a denial of equal protection.

The reduction of the term of incarceration for good behavior is a determination to be made by the Department of Corrections as part of its duties assigned to it by the Legislature in supervising the inmates of its correctional institutions. See generally 28 V.S.A. chapter 11. As a part of internal prison administration it is not an area in which the courts are prone to interfere "except in the most extreme cases involving a shocking deprivation of fundamental rights." *Baldwin* v. *Smith*, 446 F.2d 1043, 1044 (2d Cir. 1971).

As such, the determination of good time credit was not a proper area for the county court to render an opinion. Furthermore, there was no showing that the appellant "has faithfully observed all the rules and regulations of the institution to which he [was] committed." 28 V.S.A. § 811(a). This decision has been determined by the Legislature to be for the Department of Corrections to make, not for the courts.

The same is true for determinations concerning parole. However, the decisions in this area have been designated by the Legislature to be made by the Parole Board appointed by the Governor. 28 V.S.A. § 451.

■ Under 13 V.S.A. § 7131 *et seq.*, the only question properly before the county court is whether the sentence of the petitioner (in the appellant's case, his confinement as a psychopathic personality) was invalid or improperly imposed. *In re Shequin*, 131 Vt. 111, 116, 300 A.2d 536 (1973). Moreover, any right to benefit under the provisions of 28 V.S.A. §§ 501 and 811 is limited to persons placed in the custody of the Commissioner of Corrections not, as in the case of the

appellant, in the custody of the Commissioner of Mental Health. See, e.g., *State* v. *Newell,* 126 Vt. 525, 527, 236 A.2d 656 (1967). Therefore, the order of the county court, omitting any reference to the effect of 28 V.S.A. §§ 501 and 811 on the appellant, is correct in law.

■ The appellant also complains that because he has been adjudged a psychopathic personality he will be forced to serve a sentence longer than that prescribed by statute for the offense of manslaughter. However, the facts do not bear out the appellant's contention. The conviction of manslaughter, resulting from his plea of guilty, occurred on May 12, 1967. The duration of his confinement from that time until he was discharged from custody as a psychopathic personality on April 28, 1972, was less than five years. As already noted, the sentence imposed upon him by the county court was a maximum of nine years and eleven months. Hence, the total time of incarceration of the appellant under order of the county court will be less than fifteen years, the maximum penalty provided for manslaughter under 13 V.S.A. § 2304. Therefore the appellant presents no question of law for this Court here to decide.

■ The appellant also challenges the original proceedings in the county court wherein he was found to be a psychopathic personality and ordered into the custody of the Commissioner of Mental Health. He argues that he was unconstitutionally denied a right to have a jury determine whether he was a psychopathic personality and that the findings on which the conclusion that he was a psychopathic personality was based were inadequate.

The appellant is no longer under confinement as a psychopathic personality. Any answer which this Court might offer to these issues can in no way affect the status of the appellant. Under these circumstances, we decline to pass on these questions. *Brooks* v. *Brooks,* 131 Vt. 86, 94, 300 A.2d 531 (1973).

■ In reviewing the order of the Chittenden County Court, we note that the appellant has obtained the relief which he sought; the court vacated the order under which he was committed as a psychopathic personality. His present

incarceration stems not from that commitment, but from a sentence imposed upon a criminal conviction. His criticisms of the lack of treatment while in custody as a psychopathic personality have been heard before by this Court, *State* v. *Newell, supra,* 126 Vt. at 526, and have been the subject of recent controversy, Comment, *Right to Treatment,* 86 Harv. L. Rev. 1282 (1973). But this issue is not properly before this Court under the vehicle of the post-conviction relief statutes, 13 V.S.A. §§ 7131 *et seq. In re Shequin, supra,* 131 Vt. at 118.

No error in the order of the Chittenden County Court having been shown in this appeal, the entry in this case is:

*Judgment affirmed.*