## Edward Trivento v. Commissioner of Corrections

[380 A.2d 69]

No. 202-76

Present: Barney, C.J., Daley, Larrow, and Hill, JJ., and Smith, J. (Ret.), (Specially Assigned)

Opinion Filed October 31, 1977

*James L. Morse*, Defender General, and *Glenn A. Jarrett*, Defender, Correctional Facilities, Montpelier, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Peter B. Brittin* and *Robert L. Orleck*, Assistant Attorneys General, Montpelier, for Defendant.

**Hill, J.** This case presents three questions: I. Whether, given the facts alleged in this petition for a declaratory judgment, the Washington Superior Court had proper subject matter jurisdiction. II. Whether a convicted criminal who has been committed to a state penal institution as a "psychopathic personality" (under 18 V.S.A. § 8501 et seq., superseding 18 V.S.A. § 2811 et seq.) may accumulate "good time credit" (under 28 V.S.A. § 811, superseding 28 V.S.A. § 252), to be applied against a subsequently imposed sentence. III. If not, whether failure to accord good time credit to such an individual constitutes a denial of equal protection under the Constitutions of the United States or the State of Vermont.

In 1967, appellant was convicted of manslaughter and was subsequently adjudged to be a psychopathic personality. In accordance with the governing statute (18 V.S.A. § 2811 et seq., superseded by 18 V.S.A. § 8501 et seq.) appellant was not then sentenced on the criminal charge but was committed to the custody of the Commissioner of Mental Health, who arranged appellant's confinement at Windsor State Prison. Four years and eleven months later he was adjudged to be no longer a psychopathic personality, and he was sentenced on the manslaughter conviction.

In this case, appellant seeks a declaratory judgment requiring the Commissioner of Corrections to consider him for good time credit purportedly accumulated during his confinement as a psychopathic personality in Windsor State Prison, such credit to be applied to appellant's present sentence in execution.

The appellant's complaint alleges that during the initial period of his confinement at Windsor State Prison he was subject to the rules and regulations applicable to prisoners committed under sentence to the custody of the Commissioner of Corrections and that he received no special treatment designed to rehabilitate him as a psychopathic personality (a primary purpose of the presentencing commitment scheme, see

18 V.S.A. § 8502; *State* v. *Newell*, 126 Vt. 525, 526, 236 A.2d 656 (1967)). He therefore claims that because he was treated as were prisoners under sentence he is entitled to a reduction in sentence for good behavior (so-called good time credit), notwithstanding his technical status under the custody of the Commissioner of Mental Health. He contends that this statutory privilege (28 V.S.A. § 811, superseding 28 V.S.A. § 252), accorded to prisoners *under sentence*, is constitutionally compelled as to him by the mandate of equal protection. The State moved to dismiss the petition for lack of subject matter jurisdiction or for failure to state a claim upon which relief could be granted. The Washington Superior Court granted the State's motion, and this appeal resulted.

## I.

Appellant here is really claiming that the sentence imposed by the Chittenden Superior Court, following his confinement as a psychopathic personality, was excessive and unconstitutional because it did not take into consideration his claim for good time credit. Such a claim falls within the ambit of 13 V.S.A. § 7131 et seq., relating to post-conviction relief.[1] Jurisdiction over this type of relief is given by the statute to the county (now superior) court of the county where sentence is imposed, with provision for a different presiding judge to sit.

"As a remedial statute the Declaratory Judgment [sic] Act is entitled to liberal construction to effectuate its salutory [sic] purpose." *Flanders Lumber & Building Supply Co.* v. *Town of Milton*, 128 Vt. 38, 44, 258 A.2d 804 (1969), and cases cited therein. "Where a controversy exists a proceeding for a declaratory judgment may be maintained even though another remedy is available." *Gifford Memorial Hospital* v. *Town of Randolph*, 119 Vt. 66, 71, 118 A.2d 480 (1955).

---

[1] In *In re Trivento*, 131 Vt. 610, 614, 312 A.2d 910 (1973), an appeal of a proceeding under 13 V.S.A. § 7131, we said that "the determination of good time credit was not a proper area for the county court to render an opinion." That case, in which we refused to interfere with the duties which the Legislature had consigned to the Commissioner of Corrections, should be distinguished from the case at bar, which concerns appellant's *eligibility* for good time credit *as a matter of law*.

■ This is not a case where "a proceeding for a declaratory judgment may be maintained [in Washington Superior Court] even though another remedy is available," *Id.* at 71, because here the other remedy is available *only in another tribunal.* Where the Legislature has provided that certain rights (here the right to have one's sentence modified) are enforceable in specified tribunals (here the superior court in which sentence was imposed), the declaratory judgments vehicle should not be used to frustrate that legislative choice. To do so would be to ignore the message of 12 V.S.A. § 4711 and our prior holdings that the Act has not enlarged the subject matter jurisdiction of the courts. *Id.* at 70; *Murray* v. *Cartmell's Executor*, 118 Vt. 178, 180, 102 A.2d 853 (1954).

The Washington Superior Court did not have jurisdiction to hear appellant's request for a modification of sentence under 13 V.S.A. § 7131, and it could not acquire jurisdicition by virtue of the Declaratory Judgments Act. Therefore, the trial court was without jurisdiction to hear this case. The motion to dismiss was properly granted and the judgment must be affirmed. Our disposal of the jurisdictional issue renders unnecessary determination of the other questions presented.

It is arguable that this cause could be transferred by order to the appropriate court for a hearing on the petition for post-conviction relief. Cf. *Trivento* v. *Smith*, 129 Vt. 346, 348, 278 A.2d 722 (1971). However, Parts II and III of this opinion, in which we address appellant's substantive claims, explain why such transfer would be futile.

## II.

■ It is clear that the appellant cannot claim a statutory privilege to good time credit. 28 V.S.A. § 811. The General Assembly has provided for the availability of good time credit only for those individuals in execution of sentence and in the custody of the Commissioner of Corrections. "Each inmate sentenced to imprisonment and committed to the custody of the commissioner [of corrections] for a fixed term or terms shall earn a reduction.... This section applies only while the inmate is committed to the custody of the commissioner [of corrections]...." *Id.* While physically situated in prison, the appellant was technically in the custody of the Commissioner of Mental Health throughout the period of his confinement as a

psychopathic personality and was not, during that time, in execution of sentence. Any intimations to the contrary contained in *Trivento* v. *Smith, supra,* 129 Vt. at 347, are overruled. Therefore, he is not entitled to relief under 28 V.S.A. § 811. Furthermore, appellant has not directed us to any authority, nor can we find any, which permits the Commissioner of Corrections to award good time credit to persons committed to the custody of the Commissioner of Mental Health even if those persons are incarcerated in a correctional facility. Accordingly, we must declare that the appellant has no statutory right to have the Commissioner of Corrections consider his eligibility for good time credit. Cf. *In re Trivento, supra,* 131 Vt. at 614.

### III.

The appellant also claims that to deny him consideration for good time credit for the period during which he was confined as a psychopathic personality violates his right to equal protection under the law guaranteed by the Fourteenth Amendment of the United States Constitution and Chapter I, Article 7 of the Declaration of Rights of the Vermont Constitution.

To uphold the distinction made by the statutory good time credit scheme between persons in prison under sentence and persons committed to prison by order of the Commissioner of Mental Health, we must only be satisfied that the challenged distinction is rational and promotes a legitimate state policy. We are not faced here with those suspect classifications or fundamental rights which demand a stronger showing of state interest. *McGinnis* v. *Royster,* 410 U.S. 263, 270, 277 (1973); *Baldwin* v. *Smith,* 446 F.2d 1043, 1044 (2d Cir. 1971); cf. *Veilleux* v. *Springer,* 131 Vt. 33, 40, 300 A.2d 620 (1973). In this case, the petitioner contends that he was treated as if he were in prison under execution of sentence, and that therefore the constitution requires that he be accorded the rights of such prisoners, including specifically the right to good time credit. We find, however, that there is a rational basis for the distinction challenged here.

The considerations which call for the confinement of a psychopathic personality for an indeterminate term differ from those involved in the incarceration under sentence of other

convicted criminals. The psychopathic personality is committed to the custody of the Commissioner of Mental Health for purposes of protection of the community, treatment of the offender and because of the difficulty of determining the necessary term of confinement. See *State* v. *Newell, supra,* 126 Vt. at 526. The punitive aspects of detention are, at least theoretically, de-emphasized until the offender is no longer classified as a psychopathic personality and is returned to the court for sentencing. Because the length of his confinement depends upon findings as to his fitness to re-enter society, the psychopathic personality has a built-in incentive to conform to prison rules and to work positively toward his recovery. Thus, the considerations of internal prison administration which led the Legislature to enact the good time credit provisions may not fully apply to those incarcerated as psychopathic personalities. The Legislature could quite rationally have concluded that it was inappropriate and/or unnecessary to provide for the extension of good time credit to the incarcerated psychopathic personality. Having concluded that the statutory good time credit scheme as applied may rationally promote a legitimate state policy, we need inquire no further.

Appellant further argues that because he was committed to prison, treated as a nonpsychopathic prisoner and not provided any treatment as mandated by 18 V.S.A. § 8502, his classification as a psychopathic personality was a mere fiction which we should ignore in determining his eligibility for good time credit. While it may well be that the "treatment" accorded appellant was not the ideal visualized by the Legislature when it enacted the statutes governing presentencing commitment of psychopathic personalities, our analysis remains unaffected. Appellant was classified under a valid statutory scheme. See *State* v. *Newell, supra,* 126 Vt. at 526, citing *State of Minnesota ex rel. Pearson* v. *Probate Court,* 309 U.S. 270 (1940). Further, he has cited no case, nor have we found any, which suggests that even if properly classified, an individual is denied equal protection if he is not granted the benefits of another class to which he *could* have been assigned. To the extent that *In re Trivento, supra,* 131 Vt. at 614, suggests that such an argument is tenable, it is overruled.

As to the alleged lack of treatment, we recognize the necessarily wide discretion of the Commissioner of Mental Health to determine the "treatment" of those offenders

committed to his custody under 18 V.S.A. § 8501 et seq. As we said in *State* v. *Newell, supra,* 126 Vt. at 526: "Undoubtedly, the means and methods to accomplish the legislative purpose could be improved." However, such improvement is within the realm of the Legislature.

*Affirmed.*