NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 60

No. 22-AP-048

| | |
|---|---|
| Otter Creek Solar LLC & PLH LLC | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| Vermont Agency of Natural Resources et al. | September Term, 2022 |

Samuel Hoar, Jr., J.

Michael Melone, Allco Renewable Energy Limited, New Haven, Connecticut, for Plaintiffs-Appellants.

Susanne R. Young, Attorney General, and Laura B. Murphy, Assistant Attorney General, Montpelier, for Defendant-Appellee Agency of Natural Resources.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **EATON, J.** Plaintiffs, the developer of a solar electric generation facility and the owner of the project site, appeal the dismissal of their complaint for declaratory and injunctive relief against the Vermont Agency of Natural Resources (ANR). Plaintiffs sought a ruling that two guidance documents and a plant-classification system created by ANR were unlawful and therefore could not be relied upon by ANR or the Public Utility Commission (PUC) in determining whether to issue a certificate of public good for a proposed facility under 30 V.S.A. § 248. The civil division granted ANR's motion to dismiss plaintiffs' claims, concluding that the guidance documents and classification system were not rules and did not have the force of law, and that the proper forum to challenge the policies was in the PUC proceeding. We affirm.

¶ 2.     In Vermont, a company seeking to build an electric generation facility must obtain a certificate of public good (CPG) from the PUC before beginning site preparation or construction. 30 V.S.A. § 248(a)(2).  To issue a CPG, the PUC must find that the proposed project satisfies numerous statutory criteria.  Id. § 248(b).  One of these criteria is that the project "will not have an undue adverse effect on aesthetics, historic sites, air and water purity, the natural environment, the use of natural resources, and the public health and safety."  Id. § 248(b)(5).  ANR is a statutory party in CPG proceedings and is mandated to "provide evidence and recommendations concerning any findings to be made under [§ 248(b)(5)]."  Id. § 248(a)(4)(E).

¶ 3.     Plaintiffs are Otter Creek Solar, LLC, which is developing a solar electric generation facility in Bennington, Vermont, and PLH, LLC, which owns the project site.  In February 2020, plaintiffs filed a complaint for declaratory and injunctive relief against ANR and the PUC in Chittenden Civil Division.  Plaintiffs asked the court to invalidate three ANR policies: the "Guidance for Conducting Rare, Threatened, and Endangered Plant Inventories in Connection with Section 248 Projects," the "Guidance for Non-Native Invasive Plant Species Monitoring and Control in Connection with Section 248 Projects," and a classification system that ranks plant species as "rare" or "very rare."  Plaintiffs alleged that the guidance documents and classification system were de facto agency rules for determining whether impacts on plant species would be unduly adverse for purposes of § 248(b)(5).  Plaintiffs alleged that hundreds of the white arrow-leaved aster, a plant classified by ANR as very rare, had been found on their project site, and that ANR was accordingly seeking to force them to adhere to its mitigation rules.  They asserted that this would increase the cost of construction and reduce the revenue they would receive from the project by reducing the number of solar modules they could build.

¶ 4.     According to plaintiffs, ANR lacked statutory authority to classify plant species other than threatened or endangered species under Vermont's endangered-species law, 10 V.S.A. §§ 5401-5410, and should therefore be enjoined from attempting to regulate rare or very rare

2

species through the § 248 process or otherwise. But even if ANR had such authority, plaintiffs alleged, the guidance documents and classification system were invalid because ANR did not comply with the procedural requirements of the Vermont Administrative Procedure Act (VAPA) when it issued them. Plaintiffs further argued that such authority would constitute an unlawful subdelegation of the powers granted to the Secretary of Natural Resources.[1]

¶ 5. The State moved to dismiss the complaint under Vermont Rule of Civil Procedure 12(b)(6). The State argued that the ANR guidance documents and classification system were not agency rules and therefore could not be challenged in plaintiff's declaratory judgment proceeding. The State further argued that even if the policies were rules, the VAPA required plaintiffs' challenge to be brought in Washington Superior Court within a year of the rules' issuance. Plaintiffs responded that ANR and the PUC treated the guidance and classification system as if they had the force of law, and therefore they were de facto rules that were invalid because they were not promulgated pursuant to the VAPA. Plaintiffs did not address the VAPA's statute of limitations, instead asserting that the court had jurisdiction to hear their claims under the Declaratory Judgments Act, 12 V.S.A. § 4711.

¶ 6. In a written order, the civil division noted that ANR's authority to regulate plant species other than threatened or endangered species was unclear. However, it determined that it did not have to reach that issue because the challenged policies were not rules and did not have the force of law, and the appropriate forum to challenge their validity was in the underlying PUC proceeding or by petitioning ANR to amend or repeal the documents. It therefore dismissed plaintiffs' claims. This appeal followed.

---

[1] In their complaint, plaintiffs also challenged the validity of 30 V.S.A. § 248(b)(5), alleging that it was unconstitutionally vague and an unlawful delegation of legislative authority, and that it infringed on plaintiffs' constitutional rights to due process and equal protection and their right to a stable climate under the public-trust doctrine. The trial court dismissed these claims for lack of standing and failure to state a claim. Plaintiffs have not appealed that portion of the court's ruling.

¶ 7. We review the civil division's decision granting a motion to dismiss for failure to state a claim de novo, applying the same standard as the lower court. Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420, 115 A.3d 1009. Such a motion is properly granted only if "it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Dernier v. Mortg. Network, Inc., 2013 VT 96, ¶ 23, 195 Vt. 113, 87 A.3d 465 (quotation omitted).

¶ 8. On appeal, plaintiffs argue that the court erred in dismissing their claims against ANR. They contend that ANR's guidance documents and classification system are effectively rules because they prescribe and implement a policy intended to apply generally to renewable energy facilities and the PUC treats them as binding in CPG proceedings. Plaintiffs claim that they therefore have the right to challenge the rules through a declaratory-judgment action in superior court. Plaintiffs also repeat their claims that ANR exceeded its statutory authority and that its classification system is not based on the best scientific evidence.

¶ 9. We agree with the civil division that plaintiffs are not entitled to relief in this proceeding, although our reasoning differs slightly from that of the lower court. See Bloomer v. Gibson, 2006 VT 104, ¶ 26 n.4, 180 Vt. 397, 912 A.2d 424 (explaining Supreme Court may affirm correct result based on different rationale than trial court). We conclude that plaintiffs are barred by the VAPA's statute of limitations from challenging ANR's guidance documents and classification system in this declaratory-judgment proceeding and affirm the dismissal on that basis. Accordingly, we do not address plaintiffs' arguments regarding whether ANR has the authority to regulate rare and very rare plant species, whether such authority would be an unlawful subdelegation, or whether ANR's classifications of specific species are supported by sufficient scientific evidence.

¶ 10. Section 807 of the VAPA states that "[t]he validity or applicability of a rule may be determined in an action for declaratory judgment in the Washington Superior Court if it is

4

alleged that the rule, or its threatened application, interferes with or impairs . . . the legal rights or privileges of the plaintiff." We have explained that "§ 807 defines a narrow procedural avenue by which litigants can challenge the applicability or validity of rules." Sunset Cliff Homeowners Ass'n v. Water Res. Bd., 2008 VT 84, ¶ 21, 184 Vt. 584, 958 A.2d 652 (mem.).

¶ 11. It is undisputed that the guidance documents and classification system challenged by plaintiffs are not formal "rules" as defined by the VAPA because they were not promulgated using the notice-and-comment procedure set forth in 3 V.S.A. §§ 836-844. See 3 V.S.A. § 801(b)(9) (defining "rule" as "agency statement of general applicability that implements, interprets, or prescribes law or policy and that has been adopted in the manner provided by sections 836-844 of this title"). They therefore do not have the force of law. Compare 3 V.S.A. § 835(b) ("A procedure or guidance document shall not have the force of law."), with id. § 845(a) ("Rules shall be valid and binding on persons they affect and shall have the force of law . . . .").

¶ 12. Plaintiffs allege, however, that the guidance documents and classification system contain statements of general applicability that implement, interpret, or prescribe law or policy, and that ANR and the PUC treat them as binding on CPG applicants, making them de facto rules. Thus, plaintiffs contend that they have stated a claim that the policies should be invalidated for noncompliance with the VAPA. We agree that the fact that an agency policy or procedure has not been formally adopted as a rule is not determinative of whether its validity may be challenged in a declaratory-judgment proceeding. See, e.g., Parker v. Gorczyk, 173 Vt. 477, 479, 787 A.2d 494, 498 (2001) (mem.) (holding change in furlough policy was invalid because it was rule that should have been promulgated according to VAPA); In re Diel, 158 Vt. 549, 554-55, 614 A.2d 1223, 1227 (1992) (holding agency adoption and subsequent rescission of policy change affecting calculation of welfare benefits invalid for failure to promulgate pursuant to VAPA); 3 V.S.A. § 800(6) ("When an agency adopts policy, procedures, or guidance, it shall not do so to supplant or avoid the adoption of rules."). However, even accepting for the purposes of argument that ANR's guidance

5

documents and classification system violate the VAPA's rulemaking requirements and exceed its statutory authority, we conclude that they may not be challenged in this declaratory-judgment action because it has been more than a year since they took effect.

¶ 13. The VAPA expressly requires an action challenging an agency rule to be brought within one year after the rule's effective date. 3 V.S.A. § 846(e) ("An action to contest the validity of a rule for noncompliance with any of the provisions of this chapter, other than those listed in subsections (a) and (c) of this section, must be commenced within one year after the effective date of the rule.").[2] The limitation period in § 846(e) is "a statute of repose that precludes an attack on a rule after one year, even if an individual does not become subject to it until after the period expires." LaFaso v. Patrissi, 161 Vt. 46, 63 n.7, 633 A.2d 695, 704 n.7 (1993). Of the three policies challenged by plaintiffs in this case, only the "Guidance for Conducting Rare, Threatened, and Endangered Plant Inventories in Connection with Section 248 Projects" is part of the record on appeal, and that document states that it was created in 2016. Plaintiffs did not allege that the other § 248 guidance document or the plant-classification system became effective less than a year before their complaint, which was filed in 2020. Thus, even if ANR's guidance documents and classification system should have been promulgated as rules, plaintiffs' declaratory-judgment action is untimely on its face and therefore fails to state a claim for which relief can be granted. See Fortier v. Byrnes, 165 Vt. 189, 193, 678 A.2d 890, 892 (1996) ("[A] complaint may properly be dismissed when the allegations set forth therein show on their face that the action is barred by

---

[2] Subsection (a) of § 846 provides that the failure to file a rule with the Secretary of State, the Legislative Committee on Administrative Rules (LCAR), or the Interagency Committee on Administrative Rules, or to respond to an objection from LCAR will prevent a rule from taking effect. Subsection (c) of § 846 states that "[f]ailure to identify the creation or enlargement in scope of a Public Records Act exemption in accordance with subsection 838(b) or 841(b) of this title shall render invalid the provisions of the rule that create or enlarge the exemption." Neither of these provisions is alleged to be applicable here.

the statute of limitations."); V.R.C.P. 9(f) (making allegations of time and place material for testing sufficiency of pleading).[3]

¶ 14.   Plaintiffs do not address the State's argument that their claim is untimely under § 846(e).  They instead assert that they are entitled to relief because they "are challenging more than just the guidance documents, they are challenging ANR's entire 'rare' plant regulatory scheme outside of" Vermont's endangered-species law, however and wherever it is applied.  They argue that their action is therefore permitted by 3 V.S.A. § 846(d), which states that "[f]or other violations of this chapter, the [c]ourt may fashion appropriate relief."  However, in LaFaso v. Patrissi, we specifically rejected the argument that § 846(d) allows a plaintiff to challenge an agency policy more than one year after it was issued, even if the challenge is premised on "major noncompliance with the [V]APA."  161 Vt. at 63 n.7, 633 A.2d at 704 n.7 (holding that § 846(d) did not entitle plaintiffs to retroactive relief from Department of Corrections inmate discipline policies even though policies did not comply with VAPA and violated agency's enabling statute and due process).  We explained that § 846(e) requires such claims to be brought within one year and "does not suggest that individuals who are prejudiced by the application of a rule have an unlimited period to attack the rule."  Id.  Section 846(d) is therefore of no aid to plaintiffs here.

¶ 15.   Plaintiffs alternatively contend that they have a general common-law right to enjoin unlawful state action that adversely impacts them.  This argument is also unavailing.  The Declaratory Judgment Act, 12 V.S.A. §§ 4711-4725, gives the civil division general authority to grant declaratory and injunctive relief, but it "does not increase or enlarge the jurisdiction of the court over any subject matter or parties."  Vt. State Emps.' Ass'n, Inc. v. Vt. Crim. Just. Training Council, 167 Vt. 191, 194, 704 A.2d 769, 771 (1997).  We have held that if the Legislature

---

[3] We note that plaintiffs' action was also filed in the wrong venue, as the VAPA requires a declaratory-judgment action challenging an administrative rule to be filed in the Washington Unit of the superior court.  3 V.S.A. § 807.

designates a specific procedure for bringing certain claims, "the declaratory judgments vehicle should not be used to frustrate that legislative choice." Williams v. State, 156 Vt. 42, 58, 589 A.2d 840, 850 (1990) (quoting Trivento v. Comm'r of Corr., 135 Vt. 475, 478, 380 A.2d 69, 71-72 (1977)). The Legislature has provided a specific and limited procedure in §§ 807 and 846 for challenging an administrative rule, and it governs here.[4]

¶ 16.    Plaintiffs have identified no other Vermont law to support their claim that they have an unlimited right to challenge any administrative rule that negatively impacts them at any time. Notably, they do not assert that they are entitled to relief under Vermont Rule of Civil Procedure 75, which provides a procedure to review certain governmental actions that are not otherwise reviewable or appealable. See Rheaume v. Pallito, 2011 VT 72, ¶ 5, 190 Vt. 245, 30 A.3d 1263 (explaining that Rule 75 "provides a procedure applicable whenever county court review is provided by the particular statute establishing an agency or is available as a matter of general law by proceedings in the nature of certiorari, mandamus, or prohibition" (quoting Reporter's Notes, V.R.C.P. 75)). Even if they had, such a claim would be unlikely to succeed, as plaintiffs' action is not in the nature of the one of the common-law writs such as certiorari or mandamus. See id. ¶¶ 6-8 (describing common-law writs). The civil division therefore properly dismissed plaintiffs' claims for declaratory relief.

¶ 17.    In affirming the dismissal, we take no position on the merits of plaintiffs' claim that ANR lacks the power to regulate plant species other than threatened or endangered species. Our decision in this case also does not leave plaintiffs without a remedy. They can challenge the admissibility and weight of the ANR policies during the CPG process, and they can appeal to this Court if they are unsatisfied with the PUC's rulings. See 30 V.S.A. § 12 (providing for review of

---

[4] For this reason, we find the federal and Massachusetts decisions cited by plaintiffs to be unhelpful, as the statutes and case law applicable in those jurisdictions differ significantly from Vermont law. See King v. Gorczyk, 2003 VT 34, ¶¶ 23-24, 175 Vt. 220, 825 A.2d 16 (distinguishing VAPA from administrative procedure acts from other jurisdictions).

PUC decisions by this Court).  Plaintiffs can also ask ANR to adopt, amend, or repeal the guidance documents and classification system.  3 V.S.A. § 806.  What they cannot do, at this late date, is attack ANR's policies in a declaratory-judgment action in the civil division.

Affirmed.

FOR THE COURT:

Associate Justice