Filed 12/17/24

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00999

Groundworks Collaborative, Inc. et al v. Vermont Agency of Human Services et al

## PARTIAL DECISION ON MOTION
## FOR JUDGMENT ON THE PLEADINGS

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-999

Groundworks Collaborative, Inc. et al v. Vermont Agency of Human Services et al

PARTIAL DECISION ON MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs are organizations and individuals challenging various aspects of the State's implementation of Vermont's emergency housing program. Defendants include the Agency of Human Services and its Secretary, as well as the Department of Children and Families and its Commissioner. In their original complaints, Plaintiffs challenged DCF's implementation of the 2024 Budget Adjustment Act ("BAA") and the expiration of expanded emergency housing eligibility under DCF's adverse weather conditions policy. They argued that DCF violated the 2024 Budget Adjustment Act by ending "date-to-date" eligibility under that policy on March 15, 2024 without first proactively assessing households then receiving date-to-date adverse weather policy housing for continuing eligibility under the 2024 BAA.

In a March 22, 2024 decision denying Plaintiffs' preliminary injunction motion, the court concluded that DCF's implementation of the 2024 Budget Adjustment Act fell within the discretion afforded by the legislature. On April 19th, Plaintiffs filed an Amended Complaint, which takes broader aim at Vermont's emergency housing program. The Amended Complaint asserts four claims, brought

under: (1) Rule 75 (virtually identical to the claim from the original complaint); (2) the Vermont Administrative Procedure Act ("VAPA"); (3) the Vermont Constitution's Article IV Due Process Clause; and (4) the Common Benefits Clause. Plaintiffs seek declaratory and injunctive relief "to require the Defendants to administer the General Assistance Emergency Housing Program in accordance with applicable law and constitutional principles." Now pending are two motions: Plaintiff's motion for class certification and Defendants' motion for judgment on the pleadings. Because granting the latter motion would likely moot the former, the court will address the latter motion first.

In addressing the motion for judgment on the pleadings, the court first considers the VAPA claim. In their Amended Complaint, Plaintiffs claim that "Defendants have administered the GA Housing program without clear standards or rules or eligibility criteria in violation of the Administrative Procedure[] Act" and that the rules are "overly complicated and inaccessible." Am. Compl. ¶¶ 75–76, 105. Defendants contend that Plaintiffs' VAPA claim should be dismissed for failure to exhaust administrative remedies and for improper venue. Defs.' Mot. at 9–11.

Ordinarily, "when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief." *Pratt v. Pallito*, 2017 VT 22, ¶ 15, 204 Vt. 313 (quoting *Jordan v. Agency of Transp.*, 166 Vt. 509, 511 (1997)). Failure to exhaust deprives the court of subject matter jurisdiction. *Mullinnex v. Menard*, 2020 VT 33, ¶ 8, 212 Vt. 432. Based on the plain language of the Amended Complaint, this appears to be an attack on rulemaking, and there is an administrative procedure available to challenge rulemaking: "A person may submit a written request to an agency asking the agency to adopt, amend, or repeal a procedure or rule" under 3 V.S.A. § 806(a). But the Administrative Procedure Act also explicitly provides for declaratory judgment actions as an avenue to determine the "validity or applicability of a rule." 3 V.S.A. § 807. The act further provides, "[a] declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.". This would seem to moot any administrative exhaustion requirement here.

As to venue, the statute provides that the "validity or applicability of a rule may be determined in an action for declaratory judgment in the Washington Superior Court if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." 3 V.S.A. § 807. Plaintiffs contend: (1) that the statutory provision for venue in Washington County is optional; (2) that this action does not challenge the "validity or applicability" of the GA housing rules but instead is "a broader challenge to the administration of the

Partial Decision on Motion for Judgment on the Pleadings
Page **2** of **4**
24-CV-00999 Groundworks Collaborative, Inc. et al v. Vermont Agency of Human Services et al

GA Emergency Housing program in violation of the principles of Due Process and Common Benefits"; and (3) that their VAPA claim is "ancillary to the broader claims of constitutional violations" and thus "should be heard together." Opp'n at 9–10. None of these arguments hits the mark.

First, the statutory provision for venue in Washington County is mandatory: "VAPA requires a declaratory-judgment action challenging an administrative rule to be filed in the Washington Unit of the superior court." *Otter Creek Solar LLC v. Vermont Agency of Nat. Res.*, 2022 VT 60, ¶ 13 n.3, 217 Vt. 374 (citing 3 V.S.A. § 807); *see also In re Mountain Top Inn & Resort*, 2020 VT 57, ¶ 33, 212 Vt. 554 ("VAPA . . . establishes the Civil Division of the Washington Superior Court as the venue that hosts declaratory-judgment challenges to regulations."). The word "may" as used in the first sentence § 807 means only that "VAPA is not the exclusive way to challenge agency regulations"; it does not mean that the venue provision for actions brought under § 807 is optional. *Mountain Top Inn & Resort*, 2020 VT 57, ¶ 33; *see also id.* ¶¶ 53–59 (Dooley, J., concurring and dissenting). Second, contrary to Plaintiffs' contention, the language of the Amended Complaint makes clear that the VAPA claim here plainly challenges the "validity or applicability" of the GA housing program rules. Am. Compl. ¶¶ 75–76, 105. To the extent the VAPA claim challenges the *administration* of the housing program rather than the rules themselves, the claim fails because VAPA does not provide for such review. Third, Plaintiffs cite no authority to support their argument that the venue requirement is waived because the VAPA claim is "ancillary to" and "deeply intertwined" with the broader constitutional claims. Opp'n at 10. It is true that 3 V.S.A. § 807 is primarily a procedural mechanism to challenge a rule, and thus a VAPA claim under § 807 typically involves an accompanying substantive claim or rationale for why the rule in question is allegedly invalid or inapplicable. *See Sunset Cliff Homeowners Ass'n v. Water Res. Bd.*, 2008 VT 84, ¶¶ 18–19, 184 Vt. 584 (citing cases that illustrate the "sort of challenge that is appropriate for resolution via declaratory judgment" under § 807). Here, however, the other claims (Rule 75, due process, and Common Benefits) all primarily involve challenges to the administration of the housing program, and accordingly there is no reason to tie them inextricably to the VAPA claim. Moreover, were they tied inextricably, the remedy would be not to override the mandatory venue provision but instead to require that those claims be asserted in the Washington Unit.

## **ORDER**

The court dismisses the VAPA claim, without prejudice to Plaintiffs' ability to refile that claim in Washington County. As to the remaining claims, to the extent that the VAPA claims are "ancillary to" and "deeply intertwined" with the remaining claims, it may make sense to keep all claims joined in one action. That decision, however, is one for Plaintiffs and not the court to make. Accordingly, the

court will defer ruling on the motion as to those claims for 14 days; within that time, Plaintiffs shall inform the court whether they elect to dismiss those claims to refile in the Washington Unit, or to continue to pursue them here.

Electronically signed pursuant to V.R.E.F. 9(d): 12/17/2024 3:31 PM

_____
Samuel Hoar, Jr.
Superior Court Judge