# Robert Venman v. Joseph Patrissi, Commissioner, Department of Corrections and Michael O'Malley, Superintendent, Rutland Community Correctional Center

[590 A.2d 897]

No. 89-588

Present: Allen, C.J., Gibson, Dooley and Johnson, JJ.

Opinion Filed March 29, 1991

*Walter M. Morris, Jr.*, Defender General, and *Jeffrey Dworkin*, Prisoners' Rights Office, Montpelier, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Thomas J. Rushford*, Assistant Attorney General, Waterbury, for Defendants-Appellees.

**Johnson, J.** Plaintiff appeals from a declaratory ruling by the superior court that upheld the Department of Corrections' application of the good-time credit statute, 28 V.S.A. § 811. The statute allows reduction of an inmate's sentence by up to ten days for every month served with no infractions of the rules and

regulations of the correctional facility. Plaintiff was sentenced to zero to three years, with all time suspended except thirty days. The Department of Corrections does not interpret the statute to apply to part of a month, so that incarcerated persons are required to serve more than one month before receiving any credit for good behavior. Because plaintiff's sentence is exactly thirty days, he is not eligible to receive good-time credit and will be required to serve the full sentence.

Plaintiff contends the statute should be interpreted as applicable to part of a month, entitling inmates to earn one day of good-time credit for every three days of good behavior. He claims the department's interpretation creates anomalies that violate the state and federal constitutional guarantees of equal protection of the laws. Because the statute is plain on its face and rationally related to a legitimate governmental interest, we affirm the judgment of the superior court.

■ Section 811(a) provides:

Each inmate sentenced to imprisonment and committed to the custody of the commissioner for a fixed term or terms shall earn a reduction of ten days in the term of his confinement for each month during which he has faithfully observed all the rules and regulations of the institution to which he is committed.

The language of the statute states unequivocally that good-time credit is earned after a month of appropriate behavior. In giving effect to the intent of the legislature, "[w]e presume that the plain, ordinary meaning of statutory language is intended." *State v. Yudichak*, 147 Vt. 418, 420, 519 A.2d 1150, 1151 (1986). Had the legislature intended that inmates be given one day of good-time credit for every three days of good behavior, as plaintiff urges, it would have expressed its intent in those terms.

■■ We are similarly unpersuaded by plaintiff's argument that the statute, as applied by the Department of Corrections, is an unconstitutional deprivation of his right to equal protection of the laws. The computation of good-time credit does not implicate fundamental rights. *Trivento v. Commissioner of Corrections*, 135 Vt. 475, 479, 380 A.2d 69, 72 (1977); see also *McGinnis v. Royster*, 410 U.S. 263, 270, 277 (1973)(upholding New York good-time-credit statute in the face of an equal pro-

tection challenge). Therefore, discriminatory classifications created by good-time statutes, based on length of time served, are reviewed under the rational-basis test. *Trivento*, 135 Vt. at 479, 380 A.2d at 72. The purpose of the statute is to promote internal prison administration. See *id.* at 480, 380 A.2d at 73. The evidence at trial showed that short-term inmates are not viewed as discipline problems and that the incentive of statutory good-time credit is largely irrelevant in compelling good behavior. Therefore, it was not irrational for the legislature to require that an inmate serve at least a month with good behavior before he is eligible to earn good-time credit. Nor is it irrational to conclude that awarding good-time credit for good behavior during longer blocks of time, one month versus three days, provides a greater incentive for sustained appropriate behavior. Thus, the statute bears a rational relationship to a legitimate state purpose. The Vermont Constitution does not compel a different result. *Choquette v. Perrault*, 153 Vt. 45, 52, 569 A.2d 455, 459 (1989) ("[t]he test . . . in determining a law's constitutionality under Article 7 when no fundamental right or suspect class is involved, is whether the law is reasonably related to the promotion of a valid public purpose").

*Affirmed.*