2008 VT 18

**Mark KING v. Robert HOFMANN, Commissioner of the Department of Corrections**

**Scott Brooks v. Robert Hofmann, Commissioner of the Department of Corrections**

[945 A.2d 895]

Nos. 07-300 & 07-306

*Corsones*, J.

¶ 1. February 6, 2008. In these consolidated cases, plaintiff inmates appeal the superior court's dismissal of their complaints challenging the methodology applied by the Department of Corrections in calculating good-time credit against their sentences. We affirm.

¶ 2. One of the plaintiffs was sentenced to a term of forty years to life in 1994, and the other was sentenced to a term of twenty-seven to thirty years in 2003. Their complaints raise essentially the same argument that several superior court judges and a three-justice panel of this Court have already rejected — that the Department violated 28 V.S.A. § 811 by calculating and awarding inmates good-time credit based on the time they actually served rather than on their imposed sentences. See *Cadorette v. Gorczyk*, No. 2002-115, slip op. at 1-2 (Vt. Aug. 22, 2002) (unreported mem.) (rejecting the same argument). Relying on the reasoning in *Cadorette* and other lower court decisions, the superior court con-

cluded that the plain language of § 811 supports the Department's methodology for calculating good-time credit, that there are no constitutional infirmities to the statute either on its face or as applied, and that no facts or circumstances support plaintiffs' claims.

¶ 3. On appeal, plaintiffs complain that the superior court gave cursory consideration to their claims, but our review of the record and their briefs reveals that their claims boil down to the same argument raised in previous appeals — that the plain language of § 811, as it existed at the time of their incarceration and as later amended, entitles them to receive good-time credit based on their maximum and minimum sentences imposed by the trial court rather than on their actual time of confinement. This argument has no merit. As we previously explained in a three-justice panel decision that we find persuasive, § 811 unambiguously provides that "an inmate cannot 'earn,' and thus be given credit for, good behavior until he has completed a thirty-day period of incarceration in which he 'has faithfully observed all the rules and regulations.'" *Cadorette*, slip op. at 1-2 (quoting § 811(a)); see *Venman v. Patrissi*, 156 Vt. 257, 258, 590 A.2d 897, 898 (1991) ("The language of [§ 811(a)] states unequivocally that good-time credit is earned after a month of appropriate behavior."). In reviewing this question of law de novo, we presume that the Legislature intended the plain, ordinary meaning of the statutory language. *Venman*, 156 Vt. at 258, 590 A.2d at 898.

¶ 4. Moreover, nothing in the language of the 2005 amendment to § 811 suggests that the Legislature intended a contrary interpretation of the statute. In relevant part, the amendment provides that an inmate serving a sentence on July 1, 2005 "shall be awarded all reductions in the minimum and maximum terms to which that inmate is entitled as of the end of the day on June 30, 2005, *consistent with*

*those provisions of 28 V.S.A. § 811 that were in force when the inmate's crime was committed."* 2005 No. 63, § 2(a) (emphasis added). The amendment also provides that, for purposes of calculating reductions in an inmate's sentence after June 30, 2005, the inmate shall "prospectively be awarded, in total, all reductions in the minimum and maximum terms of confinement to which that inmate would potentially be entitled in the future under the system that was in place at the time his or her crime was committed." *Id.* § 2(b). Rather than require the Department to retrospectively award inmates all potential good-time credit based on the originally imposed sentence, § 2(a) provides only that as of June 30, 2005 inmates must be awarded any good-time credit to which they are entitled under § 811 as it existed at the time they committed the crimes for which they were incarcerated.

¶ 5. If the Legislature had intended the retrospective award of good-time credit to apply to all reductions in term that an inmate could have potentially been entitled to in the past, it knew how to say so, as indicated by the language of § 2(b). Indeed, on June 16, 2005 — the same day that the Legislature adopted the 2005 amendment and fifteen days before it became law — the various committee chairs who had worked on the amendment issued a "Statement of Legislative Intent" noting that the Legislature intended § 2(a) only to direct the Department to "update its booking through June 2005" and not "to alter reductions of term determinations made by the department of corrections for months prior to July 1, 2005." Simply put, the legislative changes that Act 63 made effective as of July 2005 do not alter the methodology for the determination of good-time credit applicable to sentences imposed for offenses committed prior to 2005.

¶ 6. Finally, plaintiffs appear to argue that 28 V.S.A. § 701(c), which provides that any reference to sentencing or confinement of inmates to any correctional facility under the Department's authority shall be construed to mean sentencing or confinement to the custody of the commissioner rather than any particular facility, supports their argument that § 811 entitles them to good-time credit based on their terms of confinement imposed at sentencing. We perceive no logical connection between § 701(c) and plaintiffs' claims in this appeal.

*Affirmed.*