DECISION
Before this Court is the appeal of Plaintiff Beacon Mutual Insurance Co. ("Beacon") from a magistrate's order denying Plaintiff's motion for summary judgment against Defendant Spino Brothers, Inc. ("Spino"). Beacon seeks summary judgment on its declaratory judgment claim that it has no duty to indemnify Spino for a contractual liability that Spino allegedly owes to DePasquale Building Realty Co. ("DePasquale"). Jurisdiction is pursuant to G.L. 1956 § 8-2-11.1(d).
 I Facts and Travel
Beacon issued to Spino an insurance policy which was in effect on January 12, 1999. Pursuant to the contract, Beacon agreed to pay to Spino "all sums [Spino] legally must pay as damages because of bodily injury to [Spino's] employees, provided the bodily injury is covered by this Part Two." Ex. C, Part Two § B. These expressly include damages "for which [Spino is] liable to a third party by reason of a claim or suit against [Spino] by that third party to recover damages claimed against such a third party *Page 2 
as a result of bodily injury to your employee." Ex. C., Part Two § B(1). "[L]iability assumed under a contract," however, is expressly excluded from coverage. Ex. C., Part Two § C.
In 1998, the City of Central Falls hired DePasquale as general contractor for the construction of a school. DePasquale hired Spino as subcontractor for the completion of masonry work at the school. Pursuant to the subcontract, Spino agreed to hold DePasquale "free of any and all claims of any nature arising out of the performance of the work by [Spino] under this contract," and to "indemnify [DePasquale] . . . with respect to all such claims." Ex. B at 8. Spino specifically agreed to indemnify DePasquale for any bodily injuries, including death, "whether such injuries to persons . . . are due or claimed to be due to any negligence of [Spino], the owner, [DePasquale], Architect, or their employees or agents or any other person." Id. Spino further agreed to "promptly take over the defense of any such claim. . . ." Id. at 9.
On January 12, 1999, Carlos Rodrigues fell to his death while performing masonry work as an employee of Spino at the school site. Ms. Estella V. Rodrigues ("Rodrigues") initiated a wrongful death and negligence suit against DePasquale.[1] DePasquale filed a third-party complaint against Spino, seeking indemnification pursuant to the subcontract between DePasquale and Spino, and alleging breach of the subcontract due to Spino's failure to defend or indemnify DePasquale.
The trial court severed the third-party action from the underlying action. A jury awarded Rodrigues damages against DePasquale. While DePasquale's appeal from judgment was pending, DePasquale and Rodrigues settled for $3,100,000. *Page 3 
In the third-party action, Beacon defended Spino. Spino moved for summary judgment, arguing that the indemnity provision in the subcontract was void because it required Spino to indemnify DePasquale for DePasquale's own negligence in violation of G.L. 1956 § 6-34-1
(providing that construction indemnity agreements which require a subcontractor to indemnify a contractor for that contractor's own negligence are void as a matter of public policy). The Superior Court held that the provision of the subcontract requiring Spino to indemnify DePasquale for DePasquale's own negligence was void, but the rest of the contract was valid. The justice accordingly denied summary judgment.
The third-party action then went to trial, with a jury returning a verdict finding neither Spino nor DePasquale negligent. Both parties moved for entry of judgment. The Superior Court held that (1) because the indemnity clause was invalid and (2) because the jury found Spino non-negligent, (3) DePasquale was not entitled to indemnity. DePasquale then moved for a new trial, and the Superior Court granted the motion on the ground that reasonable jurors could not have found both parties non-negligent.
Spino appealed the decision to grant DePasquale's motion for a new trial, and DePasquale filed a cross-appeal of the Superior Court's holding that the indemnity clause was void. In Rodrigues v. DePasqualeBldg. Realty Co., 926 A.2d 616 (R.I. 2007), the Supreme Court held that the Superior Court had erred in finding the indemnity clause invalid, and that judgment should therefore enter for DePasquale.
On August 21, 2007, Beacon filed this complaint, seeking a declaratory judgment that Beacon has no duty to indemnify Spino under the insurance contract between Beacon and Spino. Spino counterclaimed, alleging that Beacon had breached the insurance contract by refusing to indemnify Spino. *Page 4 
In moving for summary judgment, Beacon asserts that the indemnification sought by Spino is specifically excluded under the insurance contract. Spino objects to Beacon's motion for summary judgment, arguing that Beacon is not entitled to a declaratory judgment because Spino has no underlying contractual duty to indemnify DePasquale.
On October 7, 2008, a magistrate of the Superior Court denied Beacon's motion for summary judgment, without asserting any specific grounds for the denial. Beacon now seeks review of the magistrate's decision by a justice of the Superior Court.
 II Standard of Review
Section 8-2-11.1(d) of the Rhode Island General Laws provides that:
 A party aggrieved by an order entered by the administrator/magistrate shall be entitled to a review of the order by a justice of the superior court. Unless otherwise provided in the rules of procedure of the court, the review shall be on the record and appellate in nature. The court shall, by rules of procedure, establish procedures for review of orders entered by the administrator/magistrate, and for enforcement of contempt adjudications of the administrator/magistrate.
Issued pursuant to § 8-2-11.1(d), Superior Court Administrative Order No. 94-12 provides for de novo review of a magistrate's decision; such review may be based on the record or on further evidence, at the discretion of the Superior Court justice:
 The Superior Court justice shall make a de novo determination of those portions to which the appeal is directed and may accept, reject, or modify, in whole or in part, the judgment, order or decree of the Master.[2] The justice, however, need not formally conduct a new hearing and may consider the record developed before the Master, making his or her own determination based on that record whether there is competent evidence upon which the Master's judgment, order or decree rests. The justice may also receive further evidence, recall witnesses or recommit the matter to the master with instructions. *Page 5 
The Supreme Court has held that Order No. 94-12 entrusts to the trial justice "broad discretion in his or her review of the master's decision." Paradis v. Heritage Loan and Investment Co., 678 A.2d 440,445 (R.I. 1996) (holding that "the trial justice's de novo review of the master's decision, based solely upon the record, was proper").[3] Such broad discretion is distinguishable from the standards applicable in other jurisdictions. See DeSantis v. Soller, 590 N.E.2d 886, 890 (Ohio App. 1990) (holding that "the trial court must undertake the equivalent of a de novo determination, in light of any filed objections, when independently assessing the facts and conclusions contained in the report of a referee"); cf. Conn. Gen. Stat. § 46b-231(n)(7) (providing that the trial court may reverse a magistrate's decision only if "substantial rights of the appellant have been prejudiced").
A court reviewing an order on a motion for summary judgment "must consider de novo whether there are any material issues of fact in dispute, drawing all reasonable inferences in favor of the nonmoving party." Labonte v. National Grange Mut. Ins. Co., 810 A.2d 250, 253
(R.I. 2002) (citing Bennett v. Napolitano, 746 A.2d 138, 140 (R.I. 2000)). More specifically, on a motion for summary judgment, the moving party has the initial burden of (1) bringing forth admissible evidence to suggest that there is no genuine issue of material fact, and (2) establishing that the moving party is entitled to judgment as a matter of law. See Olshansky v. Rehrig Intern., 872 A.2d 282, 286 (R.I. 2005). To survive a motion for summary judgment, the non-moving party need only bring forth admissible evidence to demonstrate that there is a genuine issue of fact material to the legal issues of the case. Id. The hearing justice must view the evidence in the light most favorable to the non-moving party, and may neither weigh the evidence nor otherwise *Page 6 
attempt to resolve factual disputes. See Palmisciano v. BurrillvilleRacing Ass'n, 603 A.2d 317, 320 (R.I. 1992).
This standard reflects the policy that summary judgment is "a drastic remedy" that "should be dealt with cautiously." Estate of Giuliano v.Giuliano, 949 A.2d 386, 390 (R.I. 2008). Overall, the court should only grant a motion for summary judgment where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See Olshansky, 872 A.2d at 286.
 III Analysis
Spino has not brought forth evidence to dispute that (1) Spino is liable to DePasquale under the terms of a contract between Spino and DePasquale, and (2) Spino's insurance contract with Beacon expressly excludes coverage for contract damages. Beacon is therefore entitled as a matter of law to a declaratory judgment that Beacon has no duty to indemnify Spino's liability to DePasquale. Accordingly, this Court rejects the magistrate's order denying Beacon's motion for summary judgment, and grants Beacon's motion for summary judgment.
The undisputed evidence demonstrates that in 1998, Spino and DePasquale entered into a contract whereby Spino agreed to hold DePasquale "free of any and all claims of any nature arising out of the performance of the work by [Spino] under this contract," and to "indemnify [DePasquale] . . . with respect to all such claims." Ex. B at 8. Spino specifically agreed to indemnify DePasquale for any bodily injuries, including death, "whether such injuries to persons . . . are due or claimed to be due to any negligence of [Spino], the owner, [DePasquale], Architect, or their employees or agents *Page 7 
or any other person." Id. Spino further agreed to "promptly take over the defense of any such claim . . ." Id. at 9.
"A reviewing court has no need to construe contractual provisions unless those terms are ambiguous. . . . When the terms are clear and unambiguous, then the court should apply them as written." A.F. LusiConst., Inc. v. Peerless Ins. Co., 847 A.2d 254, 258 (R.I. 2004) (citingW.P. Associates v. Forcier, Inc., 637 A.2d 353, 356 (R.I. 1994)). The contract between Spino and DePasquale unambiguously provides that Spino owes DePasquale a duty to indemnify DePasquale for any wrongful death claim arising out of the performance of work under the contract between Spino and DePasquale. Accordingly, there is no dispute that Spino owes DePasquale a contractual duty to indemnify DePasquale for any wrongful death claim arising from work performed under the contract.
The undisputed facts demonstrate that Spino employed Carlos Rodrigues to perform masonry work under the contract between Spino and DePasquale. While performing such masonry work, Carlos Rodrigues fell to his death. Estella Rodrigues then initiated a wrongful death and negligence suit against DePasquale. The wrongful death claim initiated by Estella Rodrigues arose from work performed under the contract. This is precisely the sort of suit for which Spino agreed to indemnify DePasquale. See Ex. B at 8 ("The subcontractor shall indemnify and save harmless the contractor . . . against loss or expense by reason of any liability imposed by law . . . for damage because of bodily injury, including death . . . arising out of or in consequence of the performance of this work. . . .") Furthermore, the Supreme Court inRodrigues noted that "when the jury returned a verdict exculpating DePasquale Bldg. of negligence, judgment should *Page 8 
have entered in DePasquale Bldg.'s favor, requiring Spino Bros., pursuant to the agreed-upon contract terms, to fully indemnify DePasquale Bldg." Rodrigues, 926 A.2d at 624.
Spino has not brought forth evidence to dispute that the wrongful death claim at issue here did arise out of the performance of work under the contract between Spino and DePasquale. Because Spino owes DePasquale a contractual duty to indemnify DePasquale for any wrongful death claim arising from work performed under the contract, and because the wrongful death claim at issue here did arise out of the performance of work under the contract between Spino and DePasquale, Spino therefore owes DePasquale a contractual duty to indemnify DePasquale for the wrongful death claim as a matter of law.
Spino further argues that the contract terms creating Spino's duty to indemnify DePasquale for the wrongful death suit at issue here are void as a matter of law, because Spino cannot be held liable to DePasquale for DePasquale's own negligence. See G.L. 1956 § 6-34-1 (construction indemnity agreements which provide that a contractor must be indemnified for that contractor's own negligence are void as a matter of public policy). However, § 6-34-1 is inapplicable here because on these facts, DePasquale was not negligent as a matter of law.
The Supreme Court in Rodrigues held that in the action between DePasquale and Spino, "the only question properly before the jury was whether DePasquale Bldg. was negligent." 926 A.2d at 625. "Charged with that question, the jury returned a verdict finding that DePasquale Bldg. was not negligent." Id. The Court therefore held that "the trial justice erred in refusing to enter judgment in DePasquale Bldg.'s favor."Id. Additionally, the Supreme Court noted that "when the jury returned a verdict exculpating *Page 9 
DePasquale Bldg. of negligence, judgment should have entered in DePasquale Bldg.'s favor, requiring Spino Bros., pursuant to theagreed-upon contract terms, to fully indemnify DePasquale Bldg."Rodrigues, 926 A.2d at 624 (emphasis added).
Supreme Court precedent holds that DePasquale was not negligent on these facts, and that Spino owes DePasquale a contractual duty to indemnify DePasquale for the wrongful death claim at issue here. Moreover, Spino has not brought forth evidence to dispute that DePasquale was not negligent as a matter of law and that Spino therefore owes DePasquale a contractual duty to indemnify DePasquale for the wrongful death claim. Accordingly, § 6-34-1 does not apply to these facts as a matter of law, and Spino owes DePasquale a contractual duty to indemnify DePasquale for the wrongful death claim.
Finally, Spino argues that because there was no judgment against DePasquale in the original action, there is nothing for Spino to indemnify (and therefore nothing for Beacon to indemnify, rendering this action moot). The contract between Spino and DePasquale, however, provides that Spino will indemnify DePasquale against "any and all loss, damage, liability, judgments, losses, costs and expenses (including, without limitations, attorney's fees and disbursements). . . ." Ex. B at 9. Spino's duty to indemnify DePasquale is therefore expressly not limited to judgments, but rather includes all costs incurred by DePasquale in connection with a suit arising out of Spino's performance under the contract. See A.F. Lusi, 847 A.2d at 258. Accordingly, Spino owes DePasquale a contractual duty to fully indemnify DePasquale for "any and all loss, damage, liability, judgments, losses, costs and expenses" incurred because of the wrongful death claim at issue here.See Ex. B at 9. *Page 10 
The undisputed evidence demonstrates that on June 1, 1998, Beacon and Spino entered into a contract whereby Beacon agreed to pay to Spino "all sums [Spino] legally must pay as damages because of bodily injury to [Spino's] employees, provided the bodily injury is covered by this Part Two." Ex. C, Part Two § B. Covered damages expressly include damages "for which [Spino is] liable to a third party by reason of a claim or suit against [Spino] by that third party to recover damages claimed against such a third party as a result of bodily injury to your employee." Ex. C., Part Two § B(1). "[L]iability assumed under a contract," however, is expressly excluded from coverage. Ex. C., Part Two § C.
The contract between Spino and Beacon unambiguously provides that Beacon owes Spino no duty to indemnify Spino for any liability assumed under a contract. Because Spino owes DePasquale a contractual duty to indemnify DePasquale for the wrongful death claim, and because Beacon owes Spino no duty to indemnify Spino for any liability assumed by Spino pursuant to a contract, Beacon has no duty to indemnify Spino for Spino's liability to DePasquale. See A.F. Lusi, 847 A.2d at 258. Accordingly, Beacon is entitled to a declaratory judgment that Beacon has no duty to indemnify Spino for Spino's liability to DePasquale.See G.L. 1956 § 9-30-3 (providing that, in an action for a declaratory judgment, a "contract may be construed either before or after there has been a breach thereof").
 IV Conclusion
After review, this Court finds that Spino has failed to introduce evidence to dispute that it is liable to DePasquale under the terms of the contract between Spino and DePasquale. This Court further finds that Spino has failed to introduce evidence to *Page 11 
dispute that Spino's insurance contract with Beacon expressly excludes coverage for contract liability. Accordingly, this Court rejects the decision of the magistrate denying Defendant's motion for summary judgment, and grants Defendant's motion for summary judgment. Counsel shall submit an appropriate order for entry.
[1] Rodrigues v. DePasquale Bldg. Realty Co. v. Spino Bros.,Inc., C.A. No. PC 99-6391.
[2] The word "Master" originally appeared in § 8-2-11.1, but was amended to "Magistrate" by P.L. 1998, ch. 442 § 1. Order No. 94-12 predates this amendment.
[3] The Paradis case also predates the amendment of § 8-2-11.1. *Page 1