Birchwood Land Dev. Corp. v. Ormond Bushey & Sons, Inc., No. S0946-08 CnC (Tomasi, J., Dec. 21, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Chittenden Unit | No. S0946-08 CnC |

Birchwood Land Development Corp.,
 Plaintiff,

 v.

Ormond Bushey & Sons, Inc.,
 Defendant.

### Order on Defendant's Motion to Reconsider

Following issuance of the Court's Findings of Fact, Conclusions of Law and Order on October 7, 2011 (the "Ruling"), Defendant Ormond Bushey & Sons, Inc. ("Bushey") filed a Motion to Reconsider (the "Motion"). Specifically, Bushey contends that the Court erred in its analysis of whether Bushey is entitled to penalties and attorneys' fees under the Prompt Pay Act in this case. As the Motion was served within ten days of the Judgment, it was timely filed. Vt. R. Civ. P. 59(e). For the following reasons, the Motion is granted in part and denied in part.

As the Vermont Rules of Civil Procedure have no formal standards for post-judgment motions to reconsider, courts often analyze them under the provisions of Rule 59. The Court retains broad discretion to review orders under that Rule. *See Drumheller v. Drumheller*, 2009 VT 23, ¶36, 185 Vt. 417, 432 (2009). Nonetheless, a motion to reconsider should not be a vehicle to re-litigate matters previously

adjudicated by the court. As a result, the United States District of Vermont has rightly noted that: "'The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Latouche v. N. Country Union High Sch. Dist.*, 131 F. Supp. 2d 568, 569 (D. Vt. 2001) (quoting *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Ultimately, a motion to reconsider should only be granted to the extent "justice requires." *Putney School, Inc. v. Schaaf*, 157 Vt. 396, 407 (1991).

The Court will address each of Bushey's contentions in turn.

## I. Premature Consideration of Sanctions and Attorneys' Fees Under the Prompt Pay Act

Bushey argues that the Court improperly considered the issues of penalties and attorneys' fees under the Prompt Pay Act ("PPA") without the benefit of briefing from the parties. It asserts that the Court should have solicited such input before deciding those questions.

Contrary to Bushey's contention, Bushey did address these points in its pre- and post-trial submissions. *See, e.g.,* Defendant's Proposed Findings of Fact and Law, at 20-22; Defendant's Proposed Findings of Fact and Conclusions of Law, at 34-36 (arguing that Birchwood had no good faith basis to withhold funds). In those submissions, Bushey sought attorneys' fees and penalties under the PPA.

Nonetheless, Bushey is correct that these PPA issues could not be addressed in full detail until the parties had learned of the Court's ruling on the merits. The Court believes it appropriate to provide full opportunity for the parties to submit arguments on these points. Accordingly, the Court grants Bushey's motion to reconsider its ruling on the PPA issues. As set forth below, the Court will reassess the PPA issues in light of the parties' most recent submissions and arguments.[1]

## II.    Penalties and Attorneys' Fees Under the PPA

Bushey asserts that the Court erred in not awarding it PPA penalties. 9 V.S.A. § 4007. As described in the Ruling, such penalties may be appropriate in cases where an owner withholds payment from a contractor. They are not warranted where an owner has a good faith dispute with a contractor, and the amount withheld bears a reasonable relation to the damages sought by the owner. *Id.*

Here, Bushey takes issue with the Court's conclusion that the amounts withheld by Birchwood Land Company, Inc. ("Birchwood") bore a reasonable relationship to the amounts in dispute concerning Birchwood's claims against Bushey. Bushey argues that Birchwood withheld far more funds than it recovered in this action. Citing the disparity, it asserts that there was no reasonable relationship between the disputed amounts and the sums withheld. Bushey takes nothing from this argument.

---

[1] Given its decision to reconsider the issue, the Court need not address whether a request  for attorneys' fees under the PPA need follow the procedure set out in Vt. R. Civ. P. 54(d).

As the Court stated in the Ruling, Birchwood sought damages far in excess of the amounts awarded by the Court. The Court found that Birchwood failed to prove those additional damages at trial with reasonable certainty. That failure does not require a finding that, for purposes of the PPA, the amount in dispute between the parties is limited to the actual damages awarded by the Court. Had Birchwood provided different or additional proof at trial, it is quite likely that additional damages would have been awarded. Indeed, Birchwood sought damages at trial in the amount of $56,825. It also had a claim for punitive damages.

The Vermont Supreme Court provided useful guidance on this point in *Fletcher Hill, Inc. v. Crosbie*, 2005 VT 1, 178 Vt. 77 (2005). There, the owner withheld $15,000 from a contractor to cover inadequate work and a possible payment due to a subcontractor of $5,595. 2005 VT 1, at ¶8, 178 Vt. at 80-81. At trial, the owner recovered only $4,000. In affirming the rejection of PPA penalties, the Court held that an owner should not be penalized for "miscalculating the amount she was entitled to withhold" where the owner had a good faith claim against the contractor. *Id.* Just so here.

While Birchwood did not ultimately obtain all of the damages it sought, as *Crosbie* instructs, the proper focus is on the value of Birchwood's good faith claims. *Id.*; 9 V.S.A. § 4007(d). Birchwood's claims for damages were asserted in good faith and were based, in part, on the limited evidence Bushey could produce as to the amount of sand taken from the project. Those claimed damages bore a reasonable relation to the amount Birchwood withheld. The fact that Bushey was unable –

even as late as trial – to provide a full accounting of the exact amount of sand taken from the job site only reinforces the Court's conclusion in this regard.

Accordingly, the Court re-affirms and adopts in full the discussion of PPA penalties set out in the Ruling.

### III. Substantially Prevailing Party Under the PPA

Bushy devotes the lion's share of its Motion to the claim that it should be awarded prevailing-party status. The Court has reconsidered its earlier analysis of this issue in the Ruling in light of the most recent submissions of the parties. For the following reasons, the Court re-affirms the discussion of this issue that is set forth in the Ruling.

The Court has discretion in deciding whether one party or no party is the substantially prevailing party in a PPA case. Here, while Bushey was the net financial victor, the Court concluded in the Ruling and concludes, again, today that Bushey is not the substantially prevailing party. In making this determination, the Court is influenced by the following facts.

First, and most importantly, this litigation was about sand. While there were a number of other minor issues at play, Birchwood withheld payment to Bushey principally due to its sand claim. In the Ruling, the Court found that Bushey did not act appropriately or within its contractual rights when it removed the sand from the site. The Court further found Bushey's assertion, made at trial, that Birchwood had given it permission to remove the sand, was simply not credible. It also noted

5

that Bushey had been unable to quantify the exact amount of sand taken and had made inadequate efforts to do so in advance of trial. Ruling, at 8 n.2.

The Court heard at length from both parties concerning the disputes that divided them. It is inescapable that Bushey's failure to acknowledge its error in removing the sand and to account fully for the lost sand, was the major issue that separated the parties and that necessitated a four-day trial. Birchwood prevailed on that claim. In other words, Bushey simply did not achieve a "comparative victory on the issues actually litigated" in this action. *Burton v. Jeremiah Beach Parker Restoration & Const. Mgmt. Corp.*, 2010 VT 55, ¶8, 183 Vt. 583 (mem.) (internal quotation omitted).

Second, Bushey's "major claim," *i.e.*, the amounts owed to it under the Tanglewood contract, was largely uncontested at trial. In fact, the parties agreed upon the amount owed under that contract. The sole question was what amount, if any, would be offset from that figure based on Birchwood's claim for damages from its sand claims.

Third, contrary to Bushey's argument, prevailing-party status is not judged solely on the basis of who "won" more of the claims in the action. As noted in the Ruling, the net victor, either in terms or money or of claims, is not necessarily the prevailing party. *Id.* at ¶10; *Fletcher Hill*, 2005 VT 1, at ¶14, 178 Vt. at 82-83. Thus, Bushey's focus on the fact that it "won" the majority of the claims brought by Birchwood is misplaced.

6

Moreover, Birchwood brought a number of claims against Bushey, and Bushey filed a multi-faceted counterclaim. The major claims – those concerning the sand and the large amount owed to Bushey under the Tanglewood contract – are discussed above. Of the remaining claims, two were voluntarily dismissed by the Birchwood prior to trial, two were decided against Birchwood at trial by the Court, and some were resolved by agreement of the parties – at the urging of the Court. The Court declines to hold these agreed-upon resolutions of issues against Birchwood. They were arrived at after negotiations and after the Court requested that the parties attempt to narrow the disputes between them to expedite the trial of this action. Such out-of-court resolutions of disputed matters are to be encouraged. *See The Electric Man, Inc. v. Charos*, 2006 VT 15, ¶15, 179 Vt. 351, 357 (awarding attorneys' fees under the PPA for mediation efforts). For similar reasons, the Court does not give significant weight in this context to Birchwood's decision to dismiss two of its claims prior to trial.

Although the Court disagrees that prevailing-party status is to be assessed solely on the number of claims or amounts of money won by each side, the Court did consider those factors in making its determination of this issue. It also considered all of the points set out above and those discussed in the Ruling. In this case, given Bushey's victory on its principal contract claim (where damages were not truly contested) and Birchwood's victory on its contract claim (where it failed to prove the full extent of its claimed damages), the Court continues to believe that neither party should be considered a substantially prevailing party in this dispute.

7

## IV.   Conclusion

In light of the foregoing, Bushey's Motion is granted in part and denied in part, and the Ruling is re-affirmed.

The Court requests that counsel for Birchwood confer with counsel to Bushey to develop a comprehensive Judgment Order for the Court's review.  The Judgment Order should take account of the parties' stipulations and otherwise be consistent with the findings and conclusions set out in the Ruling.

Dated at Burlington, Vermont this __ day of December, 2011

_____
Timothy B. Tomasi
Superior Court Judge


_____
Charles Delaney
Assistant Judge


_____
Constance Ramsey
Assistant Judge